**In the Matter of TRAH ENTERPRISES, INC., Debtor(s).**

**TRAH ENTERPRISES, INC., Plaintiff,**

**v.**

**LINDER INDUSTRIAL MACHINERY COMPANY, Defendant.**

**Bankruptcy 85–2887.**
**Adv. No. 85–428.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Feb. 3, 1987.

Roger L. WalteMyer, North Fort Myers, Fla., for Trah Enterprises, Inc.

Eugene Smith, Fort Myers, Fla., for Linder Indus. Machinery Co.

## FINDINGS OF FACT, CONCLUSIONS OF LAW, AND MEMORANDUM OPINION

ALEXANDER L. PASKAY, Chief Judge.

THE MATTER under consideration in this Chapter 11 adversary proceeding is a Second Amended Complaint for Breach of Contracts, filed by Trah Enterprises, Inc., the Debtor in the above-captioned case (Trah). Trah seeks to recover damages for injuries it allegedly sustained by the breach of certain contracts entered into with Linder Industrial Machinery Company, the Defendant (Linder). Trah alleges that Linder made certain warranties and representations about the condition of equipment Trah purchased from Linder, that Trah relied on these warranties in purchasing the equipment, that Linder breached these warranties, and that Trah has suffered injuries for loss of use of the equipment, cost of replacement equipment, and cost of repair. The relevant facts as they appear from the record established at the final evidentiary hearing are as follows:

Trah is a Florida corporation which is engaged in the business of excavation and land clearing. Linder is a Florida corporation which leases, sells, and repairs heavy equipment used in excavation and land clearing. In June 1983, Peter Hartley, the sole officer and director of Trah (Hartley), who was at that time doing business as El Jobean Shell, entered into an agreement to lease with an option to purchase a used 1976 dragline from Linder. In a separate document, Hartley also agreed to lease

with an option to purchase a used 125C loader. Hartley leased the dragline and loader until May 18, 1984, when he exercised his option and purchased both pieces of equipment from Linder. Hartley assigned his interest in both of these pieces of equipment to Trah in June 1985.

In March 1984 Hartley executed a lease on behalf of Trah to lease a bulldozer from Linder. Trah purchased the bulldozer from Linder in October 1984. During the lease of the equipment Hartley experienced numerous problems with the equipment which required repair and/or replacement of various parts. Some of the problems were quite serious and required that the machinery be removed from the job sites. Inasmuch as Hartley had not committed to purchase the equipment and the equipment was still in Linder's rental fleet, most of the repair was done by Linder or by a subcontractor of Linder's with an understanding that if Hartley decided to exercise his option at a later time the purchase price would be increased to reflect the cost of the repairs.

Trah alleges that Linder represented that the equipment was being completely rebuilt and would be like new, and it was because of that representation that Hartley and Trah decided to purchase the equipment. Linder asserts that although it is true that the dragline had recently been repaired and the loader was being repaired when Hartley exercised his option to purchase, Linder did not represent that the repairs would make the equipment like new, nor did Linder extend any warranty on the equipment. Furthermore, Linder asserts that the sales were consumated after Hartley and Trah had used the equipment for several months and had full knowledge of the condition of all the equipment at purchase.

■ A seller can create an express warranty by making an affirmation of fact or promise which relates to the goods and becomes part of the basis of the bargain. Fla.Stat. § 672.313(1)(a). In order for Trah to prevail in this action, Trah must prove with clear and convincing evidence that as a part of the contracts for sale of the equipment, Linder warranted that the equipment had been rebuilt or promised to rebuild the equipment. Trah must also show that Trah relied on these promises and representations in entering into the contract.

■ After careful consideration of the testimony and documentary evidence presented in this cause, this Court is satisfied that Linder did not at any time falsely represent the condition of the equipment at the time of the purchase, nor did Linder warrant the condition of the equipment. While there may have been a misunderstanding as to the extent of repairs that were to be done on the equipment, Hartley had ample opportunity to inspect the equipment and did, in fact, use the equipment extensively prior to purchase. This inspection and extensive use of the equipment would make any reliance on Linder's alleged representations unreliable, and Trah's knowledge of the condition of the equipment would negate the existence of any express warranty. *See, Royal Typewriter Company v. Xerographics Supplies,* 719 F.2d 1092 (11 Cir.1983).

Furthermore, Linder presented substantial evidence that the problems with the equipment were a result of Trah's misuse and inadequate maintenance of the equipment. Even if Linder had warranted that the equipment was rebuilt or like new, an assumption not supported by this record, there is no evidence that the problems with the equipment arose as a breach of this alleged warranty. In fact, there was competent evidence submitted that the problems arose as a result of Trah's misuse of the equipment.

Based on the foregoing, this Court is satisfied that Trah has failed to prove with clear and convincing evidence that Linder warranted the equipment prior to purchase or made false representations as to the equipment prior to purchase. Because there was no warranty, none could be breached, and therefore, the Complaint shall be dismissed with prejudice.

A separate final judgment shall be entered in accordance with the foregoing.